UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON BARTLEY,

                Plaintiff,

   v.                                      **DECISION AND ORDER**
                                                       06-CV-82S

UNITED STATES OF AMERICA,

                Defendant.

## I.  INTRODUCTION

Plaintiff Jason Bartley commenced this action, pro se, against Defendant United States of America under § 6330 of the Internal Revenue Code seeking judicial review of administrative determinations concerning the collection of federal income taxes.  Presently before this Court is Defendant's Motion to Dismiss Plaintiff's second cause of action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  (Docket #15).  Having considered the parties' written submissions and the applicable law, this Court will grant Defendant's motion.

## II.  BACKGROUND

**A.    Facts**

The Internal Revenue Service ("IRS") assessed unpaid federal income tax liabilities and a $500 frivolous return penalty[2] against Plaintiff for tax years 1999 through 2001.  See Complaint, Exhibit A.  On November 29, 2004, the IRS mailed Plaintiff a document entitled

---

[1] In support of its motion, Defendant filed a memorandum of law, the Declaration of Karen Wozniak, and a reply memorandum of law.  Plaintiff filed a response in opposition.

[2] The $500 frivolous return penalty is assessed under 26 U.S.C. § 6702.

1

"Final Notice of Intent to Levy and Notice of Your Right to a Hearing" with respect to these liabilities. See Complaint, Exhibit A. The IRS subsequently received Plaintiff's timely request for a collection due process ("CDP") hearing.

After the CDP hearing procedure was completed, the IRS Appeals Office issued two Notices of Determination Concerning Collection Action on January 10, 2006. The first determination concerned the collection of Plaintiff's federal income tax liabilities for the tax years 1999 through 2001. The Appeals Office determined that the proposed levy action with respect to these liabilities was appropriate. See Complaint, Exhibit E. The second determination concerned collection of the frivolous return penalty assessed against Plaintiff. The Appeals Office determined that the penalty was also appropriate. See Complaint, Exhibit E.

**B.   Procedural History**

Plaintiff filed his Complaint in the United States District Court for the Western District of New York on February 7, 2006. Therein, he asserts two causes of action. First, Plaintiff challenges the imposition of the $500 frivolous return penalty. Second, he challenges the administrative determination with respect to his income tax liability for the years 1999 through 2001. Defendant filed a Motion to Dismiss Plaintiff's second cause of action for lack of subject matter jurisdiction on October 10, 2006. After full briefing, this Court took the motion under advisement without oral argument.

### III.  DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  It is the plaintiff's burden to establish proper jurisdiction by a preponderance of evidence.  Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

Plaintiff argues that this Court has pendent jurisdiction over his appeal of the determination concerning the collection of income tax liabilities.  The common law doctrine of pendent jurisdiction, now referred to as supplemental jurisdiction, is codified at 28 U.S.C. § 1367(a).  See Wilkerson v. United States, 67 F.3d 112, 119 n. 13 (5th Cir. 1995).  Plaintiff erroneously contends that since this Court has original jurisdiction over his challenge to the $500 frivolous return penalty, it therefore must also have the authority to review his income tax liability for the years 1999 through 2001.

The United States, as sovereign, is immune from suit unless it consents to be sued.  See United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769, 85 L. Ed. 1058 (1941).  While it is true that § 1367 authorizes courts to hear "all other claims that are so related . . . that they form part of the same case or controversy," it does not operate as a waiver of the United States' sovereign immunity.  28 U.S.C. § 1367; see United States v. Certain Land Situated in City of Detroit, 361 F.3d 305, 307 (6th Cir. 2004); Wilkerson, 67 F.3d at 119 n.13.  Waivers of the United States' sovereign immunity must be unequivocally expressed and must be strictly construed in favor of the United States.  See United States v. Nordic Village, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014-15, 117 L. Ed. 2d 181 (1992).  The terms of the United States' consent to be sued in a particular court define that court's jurisdiction.  See Sherwood, 312 U.S. at 586.

The United States has not consented to have an appeal of an agency collection determination concerning income tax liabilities heard in district court.  Rather, pursuant to

3

the IRS Restructuring and Reform Act of 1998, an individual may appeal an IRS ruling to a federal district court only if the United States Tax Court lacks jurisdiction over the tax liability. 26 U.S.C. § 6330(d)(1);[3] see also Cipolla v. IRS, No. CV-02-2063, 2003 WL 22952617, at *3 (E.D.N.Y. Nov. 5, 2003).

The United States Tax Court has exclusive jurisdiction to review IRS deficiency assessments. See Cipolla, 2003 WL 22952617, at *3; Martin v. Michalski, No. 05-CV-6474-T, 2005 WL 4068881, at *1 (W.D.N.Y. Dec. 21, 2005); see also Follum v. United States, No. 98-CV-0126-A, 1999 WL 250746, at *2 (W.D.N.Y. Mar. 5, 1999) (citing Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S. Ct. 1125, 8 L. Ed.2d 292 (1962)). The Tax Court does not, however, have jurisdiction to review penalties that the government assesses without a notice of deficiency. See Cipolla, 2003 WL 22952617, at *3; Martin, 2005 WL 4068881, at *1; Farenga v. United States, No. 5:01-CV-1478, 2004 WL 1005234, at *3 (N.D.N.Y. Mar. 22, 2004) ("The United States Tax Court has exclusive jurisdiction to review the Commissioner of Internal Revenue's [sic] deficiency assessments, but not to review penalties that can be assessed without a notice of deficiency."). Deficiency procedures do not apply to the assessment or collection of frivolous tax return penalties under the Internal Revenue Code. See 26 U.S.C. § 6703; Cipolla, 2003 WL 22952617, at *3.

Accordingly, this Court may review Plaintiff's challenge to the $500 frivolous return penalty, but lacks subject matter jurisdiction to review Plaintiff's income tax liability for the

---

[3] Twenty-six U.S.C. § 6330(d)(1) states that "the person may, within 30 days of a determination under this section, appeal such a determination-(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such a matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States."

years 1999 through 2001.  Cipolla, 2003 WL 22952617, at *3;  Silver v. Smith, No. 01-CV-6193-L, 2002 WL 31367926, at * 2 (W.D.N.Y. Sept. 5, 2002);  Gillett v. United States, 233 F. Supp. 2d 874, 884 (W.D. Mich. 2002);  Danner, 208 F. Supp. 2d at 1171;  Farenga, 2004 WL 1005234, at *3.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's second cause of action will be GRANTED.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 15) is GRANTED.

FURTHER, that Plaintiff's second cause of action is DISMISSED.

SO ORDERED.

Dated: August 13, 2007
         Buffalo, New York

                                         /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                         United States District Judge