UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

JASON BARTLEY,

                  Plaintiff,

v.                                                **DECISION AND ORDER**
                                                           06-CV-82S

UNITED STATES OF AMERICA,

                  <u>Defendant.</u>

      1.      On February 7, 2006, Plaintiff commenced this *pro se* action under § 6220 of the Internal Revenue Code seeking judicial review of administrative determinations concerning the collection of federal income taxes. On August 15, 2007, this Court granted Defendant's Motion to Dismiss Plaintiff's second cause of action, which challenged an administrative determination of his income tax liability for the years 1999 through 2001. (<u>See</u> Docket No. 19.) In short, this Court found that it lacked subject matter jurisdiction because exclusive jurisdiction over deficiency assessments lies with the United States Tax Court. <u>See</u>, e.g., <u>Farenga v. United States</u>, No. 5:01-CV-1478, 2004 WL 1005234, at *3 (N.D.N.Y. Mar. 22, 2004).

      2.      Currently pending before this Court is Plaintiff's Motion for Certification of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure, filed on December 17, 2007. (Docket No. 23.) Defendant filed a memorandum in opposition on February 11, 2008. (Docket No. 28.) For the following reasons, Plaintiff's motion is denied.

      3.      Under Rule 54(b), a court may direct entry of a final judgment as to one or more (but not all) claims if the court expressly determines that there is no just reason for

delay. Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after all claims have been adjudicated." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991). The decision whether to enter a final judgment under Rule 54(b) is "committed to the discretion of the district court." Id. But the Second Circuit has cautioned that a district court's power under Rule 54(b) should be exercised "sparingly," Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997)(citation omitted), and that the court should provide a "brief, reasoned explanation" for its decision on such a motion. Harriscom, 947 F.2d at 629.

    4.     To grant a motion under Rule 54(b) "(1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Info. Res., Inc. v. Dun and Bradstreet, Corp., A.C., 294 F.3d 447, 451 (2d Cir. 2002) (quoting Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1092 (2d Cir. 1992)).

    5.     Plaintiff argues that § 6330(d) compels him to file a petition in the United States Tax Court before the Second Circuit would be able to resolve any appeal that he may file at the conclusion of this case. See 28 U.S.C. § 6330(d) (requiring that a petition be filed in the United States Tax Court within 30 days after "a court determines that the appeal was to an incorrect court"). He maintains that an appeal of this Court's decision dismissing his second cause of action at the conclusion of this case would be meaningless because he will have already litigated the issue in Tax Court. Plaintiff's arguments are unpersuasive.

6.      This Court finds that Plaintiff has not sufficiently established that there is "no just reason for delay" or that entry of final judgment would be "in the interest of sound judicial administration." <u>Ginett</u>, 962 F.2d at 1092.  He simply wants to expedite an appeal as to which there is not a substantial ground for difference of opinion.  In this Court's view, neither entry of a final judgment under Rule 54(b) nor leave to file an interlocutory appeal under 28 U.S.C. § 1292(b) is warranted.  Plaintiff's motion will therefore be denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Certification of Final Judgment (Docket No. 23) is DENIED.

SO ORDERED.

Dated:      May 12, 2008
            Buffalo, New York

                                        <u>/s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                        United States District Judge

3